FILED

**NOT FOR PUBLICATION**

JAN 21 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARTEM MKRTCHYAN; INGA
BASTERMAJYAN; et al.,

Petitioners,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 07-70998

Agency Nos. A097-883-905
A097-355-200
A097-355-201
A097-355-202

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2010[**]

Before:     BEEZER, TROTT, and BYBEE, Circuit Judges.

Artem Mkrtchyan ("Artem"), a native of the former Soviet Union and a

citizen of Armenia, and his wife Inga Bastermajyan ("Inga") and their two

daughters, natives and citizens of Armenia, petition for review of the Board of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

PR/Research

Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying their application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the omission from Artem's asylum application of his alleged beatings during his September 2002 detention, *see Alvarez-Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir. 2003) (omission of a "dramatic, pivotal event" from asylum application supported adverse credibility determination), and the discrepancies between Inga's asylum application and her testimony regarding the physical harm she and Artem allegedly suffered during the January 2003 incident, *see Li v. Ashcroft*, 378 F.3d 959, 962-63 (9th Cir. 2004). Further, because the agency had reason to question their credibility, petitioners' failure to provide corroborating evidence undermines their claim. *See Sidhu v. INS*, 220 F.3d 1085, 1090-92 (9th Cir. 2000). Accordingly, in the absence of credible testimony, petitioners' asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**